# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### Assigned on Briefs January 12, 2010

## JASON LEE WHITE a/k/a/ JASON BROADNAX v. STATE OF TENNESSEE

### Appeal from the Circuit Court for Montgomery County
### No. 36804 & 36978    Michael R. Jones, Judge

---

### No. M2009-01048-CCA-R3-PC - Filed February 10, 2010

---

Petitioner, Jason Lee White, appeals the post-conviction court's dismissal of his petition for post-conviction relief. Petitioner pled guilty in September of 1996 to two counts of aggravated robbery and one count of attempted aggravated robbery. As a result, he was sentenced to an effective sentence of twenty-three and one-half years. On May 19, 2008, Petitioner filed a petition for post-conviction relief. Petitioner filed a supplemental petition for post-conviction relief on September 8, 2008. The post-conviction court dismissed the petition on September 24, 2008, holding that "*Blakely* violations do not apply retroactively to cases on collateral appeal." Petitioner then filed a "Motion/petition to Vacate Final Order and Judgment" on April 20, 2009, and a notice of appeal on May 11, 2009. We determine that the petition for post-conviction relief was properly dismissed because it was time-barred and Petitioner failed to show that the statute of limitations should be tolled. Accordingly, the judgment of the post-conviction court is affirmed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court is Affirmed.**

JERRY L. SMITH, J., delivered the opinion of the court, in which DAVID H. WELLES, J., Joined, and ROBERT W. WEDEMEYER, J., Not Participating.

Jason White, Pro Se, Whiteville, Tennessee

Robert E. Cooper, Jr., Attorney General and Reporter; Deshea Dulany Faughn, Assistant Attorney General; John Carney, District Attorney General, and Steven Garrett, Assistant District Attorney General, for the appellee, State of Tennessee.

# OPINION

## *Factual Background*

According to the scant record on appeal, Petitioner pled guilty on September 12, 1996 to two counts of aggravated robbery and one count of attempted aggravated robbery. Petitioner received a sentence of ten years for aggravated robbery, four-and-a-half years for attempted aggravated robbery, and nine years for the second aggravated robbery conviction. Petitioner's sentences were ordered to run consecutively, for a total effective sentence of twenty-three and one-half years.

On May 19, 2008, Petitioner filed a petition for post-conviction relief. In the petition, he alleged that "although the statute of limitations has expired" the recent cases of *Blakely v. Washington*, 542 U.S. 296 (2004), and *Apprendi v. New Jersey*, 530 U.S. 466 (2000), "supply the grounds" for Petitioner's post-conviction relief. Specifically, Petitioner argued that his sentences "exceeded the presumptive minimums within the range of sentences and there are no enhancement factors identified," so the sentences violate Petitioner's constitutional rights.

On September 8, 2008, Petitioner filed a supplemental petition for post-conviction relief. In that petition, Petitioner alleged that the trial court noted that it could not consider enhancement factors because they were actual elements of the offense, but "specifically relied on the same [enhancement] factors in ruling that [the sentences] run consecutive to each other."

The post-conviction court dismissed the petition for post-conviction relief by order on September 24, 2008. The post-conviction court determined that the transcript of the sentencing hearing revealed that Petitioner "admitted that there was more than one victim; therefore, there would have been no *Blakely* error." However, the post-conviction court stated that it was "not dismissing the Petitioner based on this admission" but rather because *Blakely* does not apply retroactively to cases on collateral review.

On April 20, 2009, Petitioner filed a pro se "Motion/petition to Vacate Final Order and Judgment." There is no order in the record that provides a ruling on this motion by the trial court. Subsequently, on May 11, 2009, Petitioner filed a notice of appeal.

*Analysis*
*Post-Conviction Standard of Review*

The post-conviction court's findings of fact are conclusive on appeal unless the evidence preponderates otherwise. *See State v. Burns*, 6 S.W.3d 453, 461 (Tenn. 1999). During our review of the issues raised, we will afford those findings of fact the weight of a jury verdict, and this Court is bound by the post-conviction court's findings unless the evidence in the record preponderates against those findings. *See Henley v. State*, 960 S.W.2d 572, 578 (Tenn. 1997); *Alley v. State*, 958 S.W.2d 138, 147 (Tenn. Crim. App. 1997). This Court may not reweigh or re-evaluate the evidence, nor substitute its inferences for those drawn by the post-conviction court. *See State v. Honeycutt*, 54 S.W.3d 762, 766 (Tenn. 2001). However, the post-conviction court's conclusions of law are reviewed under a purely de novo standard with no presumption of correctness. *See Shields v. State*, 40 S.W.3d 450, 458 (Tenn. 2001).

On appeal, Petitioner alleges that the trial court "erred in denying Petitioner's motion to correct illegal sentence." Petitioner asserts that this motion was filed in July of 2009 and that the trial court denied the motion in August of 2009. Petitioner then alleges that he filed a motion to reconsider the motion to correct the illegal sentence in August of 2009.

After a review of the record, we are unable to find a document entitled, as Petitioner suggests, "Motion to Correct Illegal Sentence." We can only assume that Petitioner is referring to his petition for post-conviction relief and subsequent filings on appeal.

Since July 1, 1995, the statute of limitations for filing a petition for post-conviction relief has been one year from the date of the final action of the highest state appellate court to which an appeal is taken. T.C.A. § 40-30-102(a).

There are three statutory exceptions to the statute of limitations in post-conviction matters. These exceptions are set forth in Tennessee Code Annotated section 40-30-102(b)(1), (2) & (3): (1) claims based on an appellate court ruling concerning a constitutional right not recognized at the time of the trial and given retroactive effect by the appellate courts; (2) claims based upon newly discovered evidence which establishes that the petitioner is actually innocent of the crime; and (3) claims which arise out of a situation where the petitioner received an enhanced sentence for a crime based on previous convictions which were later held to be invalid. Petitioner has not alleged that any of these exceptions applies to his case.

The post-conviction court determined that Petitioner was not entitled to relief because *Blakely* does not apply to cases on collateral appeal. *See Timothy R. Bowles v. State*, No.

-3-

M2006-01685-CCA-R3-HC, 2007 WL 1266594, at *3 (Tenn. Crim. App., at Nashville, May 1, 2007); *James R.W. Reynolds v. State*, No. M2004-02254-CCA-R3-HC, 2005 WL 736715, at *2 (Tenn. Crim. App., at Nashville, Mar. 31, 2005), *perm. app. denied*, (Tenn. Oct. 10, 2005); *Carl Johnson v. State*, No. W2003-02760-CCA-R3-PC, 2005 WL 181699, at *4 (Tenn. Crim. App., at Jackson, Jan. 25, 2005), *perm. app. denied*, (Tenn. June 27, 2005); *Donald Branch v. State*, No. W2003-03042-CCA-R3-PC, 2004 WL 2996894, at *9-10 (Tenn. Crim. App., at Jackson, Dec. 21, 2004), *perm. app. denied*, (Tenn. May 23, 2005). We agree. Additionally, because Petitioner's claim for relief was filed eleven and a half years after Petitioner's sentencing hearing, the petition for post-conviction relief is time-barred.

Petitioner is not entitled to relief.

*Conclusion*

For the foregoing reasons, the judgment of the post-conviction court is affirmed.

_____
JERRY L. SMITH, JUDGE